IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 21-CR-00440-M |
| v. | |
| JOHN GRISHAM (01)<br>ROB WILBURN (02) | |

### UNITED STATES' UNOPPOSED MOTION FOR A PROTECTIVE ORDER GOVERNING DISCLOSURE OF DISCOVERY MATERIALS

The United States of America (the "Government") files this motion for a protective order governing discovery in the above-referenced case pursuant to Federal Rule of Criminal Procedure 16(d). The discovery in this case contains personal identifying and other confidential information (PII) of individuals who are not parties to the case, personal health information of individuals who are not parties to the case, personal financial information, and information concerning ongoing investigations. Although the discovery at issue will be made available for review to the defense team in accordance with the Government's discovery obligations, the Government anticipates that it may provide electronic copies of this material to the defense team in order to expedite resolution of this case and to ease the burden on the defense team of having to review the evidence at a government facility. In doing so, the Government seeks to protect the confidentiality of this information and the rights of federal health care benefit program beneficiaries. Accordingly, the Government asks the Court to order the defendants and their attorneys to limit their disclosure of discovery materials.

**Government's Motion for Protective Order—Page 1**

## I.  Background

The defendants, John Grisham and Rob Wilburn, in this matter were indicted by a federal grand jury for conduct arising from their roles in a large scheme to defraud Medicare through the submission of false claims for genetic testing and the payment of illegal kickbacks for prescriptions billed to the Medicare and other federal health care benefit programs.  Discovery in this matter includes, among other materials:  memoranda of interviews with witnesses; PII of federal health care benefit program beneficiaries in the form of claims data, patient files, and prescriptions; and information pertinent to ongoing investigations.

To further facilitate the timely resolution of the case, the Government intends to go beyond its discovery obligations and make most of the discovery available unredacted through an electronic file exchange if it can be assured that the PII in this case will be adequately protected.  The exchange will enable defense attorneys to access the discovery electronically and allow them to make hard copies of the discovery if they so choose.  Thus, to safely and timely facilitate the discovery in this case, the Government seeks its proposed protective order.

## II.  Authority and Argument for a Protective Order

This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature.  Fed. R. Crim. P. 16(d) (discovery protective orders), 49.1(e) (protective orders concerning matters of privacy and personal information).  Specifically, Rule 16(d)(1) permits courts "for good cause" to enter protective orders that

**Government's Motion for Protective Order—Page 2**

"deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Indeed, "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect."  *Alderman v. United States*, 394 U.S. 165, 185 (1969) (citing Fed. R. Crim. Proc. 16(e)); *see also United States v. Yassine*, 574 F. App'x 455, 461 (5th Cir. 2014) (same).  Once the government establishes good cause, the burden shifts to the defendant to establish that the protective order would cause prejudice.  *Yassine*, 574 F. App'x at 461.

"The use of protective orders to prevent disclosure of private medical information is . . . clearly established."  *United States v. Carriles*, 654 F. Supp. 2d 557, 568 (W.D. Tex. 2009) (citations omitted).  The personal and medical information at issue in this case includes the type given special protection, including by HIPAA and Federal Rule of Criminal Procedure 49.1, such as dates of birth, social security numbers, and addresses.  As the 1974 advisory committee notes recognize, "it is obvious that [a protective order] would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed."  Fed. R. Crim. P. 16(d)(1), Advisory Committee's Note; *see also United States v. Griffin*, No. 3:13-CR-80-DPJ-LRA, 2014 WL 1767201, at *2 (S.D. Miss. May 2, 2014) (quoting the same).  And, several courts in the Northern District of Texas have granted protective orders in similar types of cases.  *See, e.g.*, *United States v. Norman*, 3:17-CR-315-B; *United States v. Ezukanma,* 3:15-CR-254-B; *United States v. Norman,* 3:15-CR-66-B; *see also, e.g.*, *United States v. Padron*, 3:12-CR-211-M; *United States v. Okechuku*, 3:13-CR-481-P; *United States v. Toussaint*, 3:15-

**Government's Motion for Protective Order—Page 3**

CR-215-O; *United States v. Antoine*, 3:14-CR-00307-N; *United States v. Okoroji*, 3:15-cr-00559-L.

Good cause for the proposed protective order exists here. Given the confidential nature and the volume of the information that the Government seeks to protect, the Government's proposed protective order is the most effective and fair method available to prevent such matters from public disclosure while enabling timely and unredacted discovery in this case.  Without the protective order requested, the Government cannot provide electronic discovery as contemplated.  Instead, all discovery will have to be limited to review at the United States Attorney's Office, or the Government will have to disclose the documents containing PII only after using substantial time and resources to redact the PII, which would be overly burdensome to the Government, if possible at all in electronic files, and potentially—without knowing what any of the defendants' defenses might be—result in discovery that is less valuable to the defense team.  However, granting this protective order would enable the Government to produce many of the records unredacted and facilitate the timely resolution of this case.

### III.   Proposed Protective Order

The Government proposes that any discovery materials (or copies thereof), and any information contained within those materials, provided by the Government to the defense team (regardless of when such materials were produced):

a. are not to be discussed with nor disclosed to anyone other than the named defendants in this case (i.e., John Grisham and Rob Wilburn), this Court, defendants' attorneys of record, and staff of defendants' attorneys of record, including investigators,

    paralegals, expert witnesses, and other contracted agents associated with the attorneys of record for purposes of defense preparation (the "Defense Team") and witnesses;

b. may be provided to the defendants only through a secure database in which the defendants: (i) cannot download, delete, edit, print to PDF, print or view in native format, and (ii) are further prohibited from taking "screen shots" of documents or sharing login credentials with others;

c. will not be copied, except to the extent needed as exhibits for trial, pretrial hearings, or pleadings, or as counsels' working copies (including copies for counsel's experts or agents);

d. will not be shared outside of the defendants' counsels' office, defense expert's office, or correctional facility library with any person not employed by, or an agent of the defendants' counsel;

e. will not be provided to, or kept by, a witness, except that the defendants' counsel, or agent of defendants' counsel, may show discovery to a witness as described in subparagraph (c) above, and at a witness's attorney's office or the witness's usual place of work or residence; and

f. any attorney of record who is retained or appointed to represent a defendant or who is later relieved of representation of a defendant is bound by the terms of this Order unless excused from its terms by Court Order.

The Government also proposes that prior to providing discovery to a member of the Defense Team, defense counsel is required to provide a copy of this Protective Order to:

**Government's Motion for Protective Order—Page 5**

(a) the Defense Team member receiving discovery and obtain written acknowledgement that the Defense Team member is bound by the terms and conditions of this Protective Order; and (b) to the defendant who acknowledges that he understands that, the Government, upon any violation of this protective order, may: (i) seek a court order to terminate defendant's use of an online review platform, and (ii) move to modify the defendant's conditions of release to address continued mishandling of confidential information. The written consent need not be disclosed or produced to the Government unless ordered by the Court.

Additionally, the Government proposes that the Protective Order does not limit employees of the United States Department of Justice ("Department of Justice") from disclosing the discovery to members of the Department of Justice, United States Attorney's Office, law enforcement agencies, and to the Court and the Defense Team, as necessary to comply with the Government's discovery obligations.

## IV. Conclusion

The Government requests that the Court enter a protective order limiting the disclosure of discovery materials in this case as described above. The Government believes these proposed restrictions constitute the least restrictive measures available to protect the various interests involved in this case, including the defendants' interest in full and efficient discovery. The compelling interests of protecting personal health information, social security numbers, and other PII by preventing disclosure of this information to third parties constitutes more than adequate good cause to enter the requested protective order.

Respectfully submitted,

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

JOSEPH S. BEEMSTERBOER
ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

/s/ *Carlos A. López*
Carlos A. López
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
New York State Bar No. 4256244
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   (202) 875-9038
Email: carlos.lopez@usdoj.gov


## CERTIFICATE OF CONFERENCE AND SERVICE

I certify that I conferred with counsel for John Grisham, on October 26, 2021, and Rob Wilburn, on October 27, 2021, and they each indicated that they are not opposed to the relief sought in this motion. I certify that on October 27, 2021, a true and correct copy of this motion was served on all counsel electronically through ECF.

/s/ *Carlos A. López*
Carlos A. López
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice