UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

vs.

JOHN GRISHAM (01)
ROB WILBURN (02)
_____/

CASE NO.  3:21-cr-0440-M

**UNDER SEAL**

### UNITED STATES' *EX PARTE* SUPPLEMENT TO MOTION FOR DISCOVERY PROTOCOL GOVERNING DISCLOSURE OF MATERIAL SUBJECT TO CLAIMS OF PRIVILEGE

The United States of America, by and through its assigned Filter Team,[1] respectfully files this sealed *ex parte* supplement to its Motion requesting entry of a discovery protocol (the "Motion") to provide the Court with relevant additional information relating to the grand jury proceedings that preceded the indictment in this matter.

The Grand Jury has been investigating Trinity Clinical Laboratories, LLC ("TCL") and other individuals including Defendants since 2019 related to approximately $112.2 million in fraudulent claims that TCL submitted to Medicare for genetic testing reimbursement from April 2018 through October 2019.  During the investigation, the Government obtained evidence from search warrants executed on several TCL email addresses and at the TCL office.  *See In Re: Search*

---

[1] The Filter Team attorney in this case is DOJ Trial Attorney Timothy J. Coley.  The Filter Team attorney is assigned to the U.S. Department of Justice, Criminal Division, Fraud Section's Special Matters Unit and has a separate reporting and supervisory chain from the Prosecution Team in this case.  Further, the Filter Team attorney is supported by paralegals and other professional staff who are not part of the Prosecution Team.  The Filter Team attorney and his supporting staff only conduct the filter review and are not involved in the investigation or proceedings related to the above-captioned matter.

*Warrant*, No. 3:19-mj-863 (N.D. Tex. Sept. 24, 2019); *In Re: Search Warrant*, No. 4:19-mj-552 (E.D. Tex. Sept. 25, 2019).

At the Prosecution Team's request, the Government assigned the Filter Team to identify and segregate Potentially Protected Material ("PPM")[2] within the Grand Jury material. Upon the Filter Team's motion, the court entered a discovery protocol in the Grand Jury matter that was similar to the instant Proposed Protocol (Ex. A. to Mot.), including that the Filter Team reviewed material for PPM, provided identified PPM to privilege holders for assertion, and released non-PPM to the case team. *See* Ex. 1, Apr. 9, 2021 Sealed Grand Jury Protocol Order.

After the Sealed Grand Jury Protocol Order was entered, the Filter Team reviewed the material for PPM, granted the case team access to the non-PPM, and produced PPM to identified privilege claimants for assertion. Certain parties asserted privilege over PPM, and the Filter Team anticipates that some, if not all, of these privilege claimants will reassert the same privileges when the documents are re-produced to them in the instant proceeding pursuant to the Proposed Protocol. This the 10th day of November, 2021

        Respectfully submitted,

        JOSEPH BEEMSTERBOER, ACTING CHIEF
        CRIMINAL DIVISION, FRAUD SECTION
        U.S. DEPARTMENT OF JUSTICE

By:   */s/ Timothy J. Coley*
       TIMOTHY J. COLEY
       Trial Attorney
       District of Columbia Bar No. 997762
       United States Department of Justice
       Criminal Division, Fraud Section
       Special Matters Unit

---

[2] "Potentially Protected Material" is defined as material that could potentially garner the protections of the attorney client privilege, work product doctrine, or other legally recognized privileges.

                                    1400 New York Avenue NW  
                                    Washington, DC 20530  
                                    Tel: (202) 514-0395  
                                    Timothy.J.Coley@usdoj.gov